IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION IN LIMINE** |
| vs. | ) | |
| | ) | |
| Darren Michael Henry, | ) | |
| | ) | Case No. 4:09-cr-006 |
| Defendant. | ) | |

___

Before the Court is the Defendant's Motion in Limine filed on July 9, 2009. See Docket No. 26. The Government filed a response in opposition to the motion on July 9, 2009. See Docket No. 27. The Court denies the motion for the reasons set forth below.

The defendant, Darren Michael Henry, was charged in a two-count indictment with sexual exploitation of a minor and possession of material involving the sexual exploitation of a minor. Pursuant to 18 U.S.C. § 2251(e), Henry is subject to a 15-year mandatory minimum sentence if convicted of sexual exploitation of a minor. Henry requests that the Court instruct the jury that he faces a 15-year mandatory minimum sentence if convicted of this offense.

Henry relies on United States v. Polizzi, 549 F. Supp. 2d 308 (E.D.N.Y. 2008), to support the claim that he has a Sixth Amendment right to have the jury instructed that he faces a 15-year mandatory minimum sentence if convicted of sexual exploitation of a minor. In Polizzi, the court originally denied the defendant's request for a jury instruction on the mandatory minimum sentence but later reversed that decision and granted a new trial. 549 F. Supp. 2d at 404, 449-50. The court found that the defendant "did have a Sixth Amendment right to a jury informed of the five-year minimum." Id. at 438.

On appeal, the Second Circuit Court of Appeals held that the defendant did not have a Sixth Amendment right to a trial by a jury that had been instructed on the applicable mandatory minimum sentence. United States v. Polouizzi, 564 F.3d 142, 161 (2d Cir. 2009). The Second Circuit determined that its decision was controlled by United States v. Pabon-Cruz, 391 F.3d 86 (2d Cir. 2004). In Pabon-Cruz, the Second Circuit concluded that a defendant has "no legal right to a charge informing the jury of the sentencing consequences of its decisions." 391 F.3d at 94.

The decision in Pabon-Cruz was controlled by Shannon v. United States, 512 U.S. 573 (1994) (finding that the defendant was not entitled to an instruction informing the jury of the consequences of a not guilty by reason of insanity verdict), in which the United States Supreme Court stated:

> The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

512 U.S. at 579. The Supreme Court did allow for the possibility that a jury instruction may be necessary "under certain limited circumstances," such as when a judge may need to provide an instruction to counter a misstatement made in front of the jury. Id. at 587.

It is well-established in the Eighth Circuit that a defendant is not entitled to have the jury informed of the sentencing consequences of its decision. In United States v. Goodface, 835 F.2d 1233 (8th Cir. 1987), the Eighth Circuit Court of Appeals rejected the defendant's claim that the jury should have been instructed that a guilty verdict would trigger a five-year mandatory minimum sentence. The Eighth Circuit held that the penalty to be imposed on a defendant is not a matter for

the jury and, instead, "the jury's duty is to determine the guilt or innocence of the accused solely on the basis of the evidence adduced at trial. Its role is unaffected if Congress validly chooses to remove sentencing discretion from the court."  835 F.2d at 1237 (internal citation omitted); see United States v. Wilcox, 487 F.3d 1163, 1173 (8th Cir. 2007) ("Details regarding potential punishment were irrelevant to the jury's duty to determine whether [the defendant] should be convicted of the charged offenses."); United States v. Delgado, 914 F.2d 1062, 1067 (8th Cir. 1990) ("Punishment is within the province of the court."); United States v. Thomas, 895 F.2d 1198, 1200 (8th Cir. 1990) ("sentencing procedures or details regarding a defendant's possible punishment are irrelevant to the issues that a federal jury must decide. To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it.").

Henry only cites one case (United States v. Polizzi, 549 F. Supp. 2d 308 (E.D.N.Y. 2008)) to support the contention that the Sixth Amendment requires a jury instruction on a mandatory minimum sentence. However, the Second Circuit Court of Appeals vacated the order granting a motion for new trial in that case and held that the defendant did not have a Sixth Amendment right to an instruction on a mandatory minimum sentence.

It is clear that in the Eighth Circuit a defendant is not entitled to have the jury informed of the sentencing consequences of its verdict. Thus, the Court finds that Henry is not entitled to an instruction that informs the jury that he faces a 15-year mandatory minimum sentence if convicted of sexual exploitation of a minor. The Court is unaware of any case law from the Eighth Circuit or the United States Supreme Court that supports a finding that Henry's Sixth Amendment rights will be violated if the jury is not instructed on the 15-year mandatory minimum sentence he faces if convicted. Further, one of the "certain limited circumstances" contemplated by the Supreme Court

in Shannon has not presented itself in this case. Therefore, the Court **DENIES** the Defendant's Motion in Limine (Docket No. 26).

    **IT IS SO ORDERED.**

Dated this 16th day of July, 2009.

                                      */s/ Daniel L. Hovland*
                                      Daniel L. Hovland, Chief Judge
                                      United States District Court